# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOY GREEN, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 1:21-cv-04664-TWT-AJB |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| WELLBORN MANAGEMENT INC.; ) | |
| CARE HOSPITALITY INC.; and ) | |
| BHAGYWANTI & SONS INC. ) | |
| ) | |
| Defendants. | |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Joy Green ("Plaintiff"), by and through undersigned counsel, and files her First Amended Complaint for Damages against Defendants Wellborn Management ("Wellborn"), Care Hospitality Inc. ("Care"), and Bhagywanti & Sons Inc. ("Bhagywanti"), (collectively "Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages and other appropriate relief for Defendants' discrimination against her on the basis of gender and retaliation for

1

engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and pursuant to 42 U.S.C. § 2000e-5(f)(3).

3.

The unlawful employment practices alleged in this Complaint were committed within the state of Georgia and within this District.  In accordance with 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §2000e-5(f)(3), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is subject to the jurisdiction of this Court.

5.

Defendants are qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District. Defendants are subject to specific jurisdiction in this Court for the claims asserted in this action.

6.

Defendants are now and, at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §§701(b), (g) and (h) of Title VII, 29 U.S.C. §§ 2000e(b), (g) & (h), and has employed more than fifteen (15) persons for the requisite duration under Title VII.  Defendants are therefore covered under Title VII.

7.

Defendant Wellborn may be served with process by delivering a copy of the summons and complaint to its registered agent John A. Christy at 1100 Peachtree Street NE, Suite 800, Atlanta, GA, 30309, USA.

8.

Defendant Care may be served with process by delivering a copy of the summons and complaint to its registered agent John A. Christy at 1100 Peachtree Street NE, Suite 800, Atlanta, GA, 30309, USA.

9.

Defendant Bhagywanti may be served with process by delivering a copy of the summons and complaint to its registered agent John A. Christy at 1100 Peachtree Street NE, Suite 800, Atlanta, GA, 30309.

## ADMINISTRATIVE PROCEDURES

10.

Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC").

11.

Amar Patel responded on behalf of the employer to Plaintiff's Charge of Discrimination to the EEOC.

12.

Upon Plaintiff's request, the EEOC issued a "Dismissal and Notice of Rights" on August 13, 2021, and this action has been commenced within ninety (90) days of receipt of the "Dismissal and Notice of Rights."

## FACTUAL ALLEGATIONS

13.

On July 29, 2020, Ms. Joy Green ("Plaintiff" or "Ms. Green") was hired by Wellborn and/or Care, which are owned by Bhagywanti, to work at the Country Inn & Suites ("Country Inn") at 739 Pollard Avenue, SW, Atlanta GA, as a Night Auditor. At the time of her termination, she was the Front Desk Representative.

14.

Around early August, Ms. Green informed General Manager King Vera ("Mr. Vera") of her pregnancy.

15.

Prior to informing Mr. Vera of her pregnancy, he had praised the job she was doing for Defendant. He had discussed with Ms. Green the possibility of training her to become the Assistant Manager.

16.

However, upon learning of Ms. Green's pregnancy, Mr. Vera began subjecting her to a hostile work environment and unduly scrutinized her work.

17.

After informing Mr. Vera of her pregnancy, Ms. Green requested that she be allowed to sit on the stool at the front desk on occasion because her feet and back would hurt. Though other employees were allowed to sit during their shifts, Mr. Vera denied her request.

18.

Mr. Vera began treating Ms. Green differently from other employees and yelled at her often.

19.

Mr. Vera began isolating and restricting Ms. Green from employee communications.

20.

He threatened to terminate Ms. Green regularly and she felt that her job was always in jeopardy because he targeted her.

21.

The hostile work environment continued, however, and placed so much stress on Ms. Green that she believed that her pregnancy was affected, and she feared that she almost miscarried.

22.

On or about August 23, 2020, Ms. Green began to bleed, and she had to leave work early to go to the emergency room. She was diagnosed with a "Threatened Miscarriage."

23.

Ms. Green returned to work on September 8, 2020.

24.

On September 12, 2020, Mr. Vera baselessly accused Ms. Green of not performing her duties and clocking out without notifying anyone, despite that office security camera footage showed otherwise.

25.

Ms. Green had completed her duties and did not abandon her job.

26.

On September 14, 2020, Ms. Green called Ms. Marchelle in Human Resources to ask for the upcoming schedule and to inform her that she wanted to transfer due to the ongoing hostile work environment. She told Ms. Marchelle that the stress from the hostile work environment had almost caused her to miscarry her pregnancy and that Mr. Vera treated her differently than the non-pregnant employees.

27.

Ms. Marchelle told Ms. Green to call Mr. Vera for the schedule and informed her that there was not another Country Inn & Suites in her area. Ms. Marchelle said that their only location was in downtown Atlanta.

28.

In fact, there was another Country Inn & Suites location approximately five miles away from Ms. Green's house.

29.

Ms. Marchelle did not document Ms. Green's complaint.

30.

After the call with Ms. Marchelle, Ms. Green contacted Mr. Vera to get the schedule. As they began to speak, Mr. Vera asked her to hold, put the phone down, and answered another call.

31.

Ms. Green could hear Ms. Marchelle explain to Mr. Vera that Ms. Green had called to complain about being treated differently in the workplace since she became pregnant.

32.

When Mr. Vera came back to the phone to speak with Ms. Green, he called her ungrateful and terminated her employment.

33.

The false reason given to Ms. Green for her termination was "job abandonment."

34.

During her employment with Defendant, Mr. Vera made gender-based comments, about having a woman to come home to and having a woman cook for him.

35.

It would not have imposed an undue burden for the employer to accommodate Plaintiff's request for a pregnancy-based accommodation. Other, non-pregnant employees were accommodated.

36.

Any reason(s) Defendants claim constitute legitimate, non-discriminatory reason(s) for its refusal to accommodate Plaintiff and terminating her employment are pretext for unlawful discrimination and retaliation, in violation of Title VII. As a result of Defendants' violations, Plaintiff has suffered damages, including but not limited to lost wages and emotional distress.

## **CLAIMS FOR RELIEF**

### **COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

37.

Plaintiff re-alleges preceding paragraphs 13-36 as if set forth fully herein.

38.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

39.

Defendants' actions in discriminating against Plaintiff because of her pregnancy and/or failing to accommodate Plaintiff and/or terminating her employment because of her need for a pregnancy accommodation constitute unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).

40.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

41.

The effects of the practices complained of above have been to deprive Plaintiff of equal employment opportunities because of her gender.

42.

As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has been made the victim of acts that have adversely affected her

psychological and physical well-being, and have caused her economic losses.

43.

Defendants are liable for the damages caused by its religious discrimination against Plaintiff.

## **COUNT II: RETALIATION IN VIOLATION OF TITLE VII**

44.

Plaintiff re-alleges preceding paragraphs 13-36 as if set forth fully herein.

45.

Plaintiff's request for accommodations and/or complaints to human resources regarding workplace discrimination constitute protected activity under the Pregnancy Discrimination Act.

46.

Defendants subjected Plaintiff to adverse action, specifically termination, because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

47.

There was a causal connection between the protected conduct and the adverse actions.

48.

As a direct and proximate result of Defendants' violations, Plaintiff has suffered economic and non-pecuniary damages.

49.

Defendants willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

50.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a) Compensatory damages, including general damages for mental and emotional suffering caused by Defendants;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorneys' fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)     All other relief to which Plaintiff may be entitled.

Respectfully submitted, this 5th day of January, 2022.

                     **BARRETT & FARAHANY**

                     *s/ Adian R. Miller*
                     Adian R. Miller
                     Georgia Bar No. 794647

                     *Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
adian@justiceatwork.com